JOHN SHERIDAN *vs.* DANIEL E. IRELAND and logs.

Penobscot, 1876.—July 1, 1876.

*Costs.*

In an action to secure a lien on logs, no more than one day's attendance can be taxed for the plaintiff, at any one term, until notice of the suit, such as the court orders, is given.

ON REPORT.

ASSUMPSIT on account annexed, brought to enforce plaintiff's lien on the logs attached.

The personal defendant did not appear, and was defaulted at the first term of the court, (October term, 1872,) but Shaw & Ayer, log owners, voluntarily appeared by attorney, and the action was continued until the April term, 1873, when it was made law, on report of agreed facts as to logs. At the January term, 1874, the "agreed statement was discharged" by the full court, and "the case remanded for notice to log owners."

At the said January term, appears the following entry :

"Plaintiff moves notice on log owners, by publication in Bangor Courier.

W. S. Clark, for Shaw & Ayer, claimants of logs as owners, objects to order of notice, unless costs as to travel and attendance are disallowed to plaintiff, prior to this term.

Motion allowed, notice ordered, costs to be settled by the court on the final disposition of the suit."

Notice was proved at the next April term, and the case continued to the following October term, when it was made law on report.

The final adjudication having been in favor of the plaintiff, against the personal defendant, and against the logs, the case comes up this term, (April, 1876,) for judgment and taxation of costs.

The counsel for the log owners, objected to more than travel and one day's attendance for plaintiff, for the October term, 1872, January and April terms, 1873, and the January and April terms, 1874, and invoked the clause in the schedule of fees established by the court as follows:

"Attendance, thirty-three cents for each day as noted on the docket, not exceeding ten days, (but actions under reference; under advisement in the law court; where a party has deceased and his administrator has not come in; and where the defendant is out of the state, and the case is waiting service or notice, only one day's attendance shall be taxed.)"

The plaintiff claimed ten days' attendance for each of the above named terms; or until the day the action was disposed of, which the clerk taxed and allowed, from which taxation Shaw & Ayer appealed. Upon a hearing before the judge, he ruled as matter of law, that plaintiff was entitled to only one day's attendance, until notice was proved; and the plaintiff alleged exceptions.

*L. Barker & L. A. Barker*, for the plaintiff.

*W. S. Clark*, for the claimants.

WALTON, J. In an action to secure a lien on logs no more than one day's attendance can be taxed for the plaintiff at any one term until notice of the suit, such as the court orders, is given. The action is a proceeding *in rem* as well as *in personam;* and it is a rule, familiar to the profession, that in such a suit judgment cannot be rendered for the plaintiff until notice of its pendency is given, such, as in contemplation of law, is notice to all the world. Notice to the personal defendant (the debtor) is not sufficient. Nor is an appearance by him, or by persons claiming to be the owners of the logs, sufficient. It cannot be known that there are not others still, who have an interest in the property,

and a right to be heard.   Hence, as already stated, such notice of the pendency of the suit must be given as, in contemplation of law, is notice to all the world.   The statute requires the notice to be such as the court orders.   R. S., c. 91, § 35.   Such an order of notice it is the duty of the plaintiff to obtain.   It is also his duty to see that it is complied with.   And until this is done, the action is not in a condition to be tried or otherwise disposed of adversely to the defendants; and there is no occasion for the plaintiff or his counsel to remain in attendance upon the court, and they should not be allowed to do so at the expense of parties who are in no way responsible for the delay.

*Exceptions overruled.*

APPLETON, C. J., DICKERSON, BARROWS, VIRGIN and PETERS, JJ., concurred.